NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NAVCOM TECHNOLOGY, INC., and
DEERE & COMPANY,

Plaintiffs-Appellants,

v.

OKI ELECTRIC INDUSTRY CO, LTD.,

Defendant-Appellee.

No. 17-16446

D.C. No. 5:12-cv-04175-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted November 16, 2018
San Francisco, California

Before: HAWKINS, GRABER, and THACKER,[**] Circuit Judges.

Plaintiffs NavCom Technology, Inc., and Deere & Company ("Navcom")

challenge the district court's judgment following partial summary judgment and a

jury trial in favor of Oki Electric Industry Co., Ltd. ("Oki") in Navcom's diversity

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Stephanie Dawn Thacker, Circuit Judge for the United
States Court of Appeals for the Fourth Circuit, sitting by designation.

action alleging breach of contract and other claims. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1. The district court did not err in ruling that Oki had the right to terminate under Section 1.0 of the agreement. The plain language of Section 1.0 -- a provision negotiated by two sophisticated business entities -- gives Oki the right to terminate the agreement subject to Section 1.0's three-month notice requirement. Section 1.0 applies "for purposes of ASIC (Applications Specific Integrated Circuit) *development*" and states that the right to terminate may be exercised by either party at least three months "prior to the expiration of *any* then current term." E.R. 103 (emphases added). Section 1.0 is consistent with Section 2.7 of the agreement. Section 2.7 simply grants Navcom an additional, more generous termination right during the Development Phase. Nothing in the text of Section 2.7 suggests that it was intended to limit Oki's termination rights under Section 1.0.

2. The district court did not improperly disregard Navcom's proffered extrinsic evidence. Under California law, "[a]lthough extrinsic evidence cannot be used to add to, detract from, or vary the terms of a written contract," if the text of the contract is "fairly susceptible of two interpretations, then extrinsic evidence relevant to prove either interpretation will be allowed." *Zenger-Miller, Inc. v. Training Team, GmbH*, 757 F. Supp. 1062, 1067 (N.D. Cal. 1991) (citing *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 645–46 (Cal.

1968)).  In this case, even after considering Navcom's proffered extrinsic evidence, the *text* of the agreement remains unambiguous and not reasonably susceptible to Navcom's asserted interpretation.  Indeed, this evidence does not reveal a hidden ambiguity or "show 'what [the parties] meant by what they said'" in the agreement; instead, it attempts to "vary or modify the terms of the agreement . . . to show that the parties meant something other than what they said." *Denver D. Darling, Inc. v. Controlled Env'ts Constr., Inc.*, 108 Cal. Rptr. 2d 213, 223 (Ct. App. 2001) (emphases omitted) (quoting *Assoc. Lathing & Plastering Co. v. Louis C. Dunn, Inc.*, 286 P.2d 825, 828 (Cal. Dist. Ct. App. 1955)).  This is not a permissible use of extrinsic evidence.

3.  The jury's verdict, finding that Oki did not breach the agreement, was supported by substantial evidence.  As we have held, "[s]ubstantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001).  In upholding the jury's verdict, the district court concluded that there was legally sufficient evidence for the jury to find that Navcom failed to prove that it satisfied its performance obligations under the agreement, an essential element of its claim for breach of contract.  We agree.  Under the terms of the agreement, Navcom's third and final $150,000 payment to Oki was due "upon delivery of Engineering Prototypes."  The agreement did not condition

this final payment upon delivery of acceptable or final prototypes. Accordingly, the jury could have reasonably found that Navcom's obligation to make the third payment was triggered when Oki delivered engineering prototypes, whether or not they were accepted as the final prototypes. Because it is undisputed that Navcom never made the final payment to Oki, even though Oki had delivered two sets of prototypes before terminating the agreement, there was legally sufficient evidence for the jury to find that Oki did not breach the agreement.[1]

4. Because the jury's verdict was supported by substantial evidence, the district court's denial of Navcom's motion for judgment as a matter of law must also be affirmed. *See Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) ("The standard of review for the denial of a motion for judgment as a matter of law after a jury trial is the same as the standard of review for reviewing a jury's verdict: 'both the verdict and the denial of the motion must be affirmed if there is substantial evidence to support the verdict.'" (quoting *Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1370–71 (9th Cir. 1987)). For the same reasons, the district court did not abuse its discretion in denying Navcom's motion for a new trial. *See id.* ("[W]e review for abuse of discretion the district court's denial of a motion for a new trial grounded on the assertion that the jury's verdict was against the clear

---

[1] In light of this conclusion, we need not address the parties' additional arguments concerning the jury's verdict.

weight of evidence.").

**AFFIRMED.**